IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JESSIE WILLIAMS,

                                                                                                     ORDER

                        Plaintiff,

                                                                                                      13-cv-290-bbc

      v.

TONY MEIL,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Jessie Williams has filed a proposed complaint under 42 U.S.C. § 1983 in which he says that his conditions of confinement at the Waupun Correctional Institution violate the Eighth Amendment. Because plaintiff is a prisoner, I am required to screen the complaint to determine whether it states a claim upon which relief may be granted. 28 U.S.C. § 1915A.

Plaintiff's entire claim consists of one sentence in which he says he wants three restrictions lifted that have been imposed on him for three years. He refers to these restrictions as "no tub," "spit mask" and "rec," but he provides no details about what the restrictions mean. These allegations are not sufficient to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires the plaintiff to provide "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). With respect to the

"no tub" restriction, plaintiff does not explain exactly what it is that the restriction is prohibiting him from doing. Does it prohibit him from having or using a tub in his cell? In addition, he does not explain what kind of tub he wants to use or, most important, why he believes he needs one.

With respect to the "spit mask" restriction, I assume that defendant Tony Meil, the security director, is requiring plaintiff to wear a spit mask at certain times. However, plaintiff does not explain why he is required to wear the spit mask or when he is required to wear it. In addition, he does not identify any harm that the spit mask has caused him.

With respect to the "rec" restriction, I assume that "rec" is an abbreviation for recreation, but plaintiff does not explain what the restriction is. Is plaintiff prohibited from going outside or being around other prisoners during recreation? Is there a limitation on how often plaintiff can go to recreation? Does plaintiff have any opportunities for recreation or exercise? What is the reason for the restriction?

Without answers to these questions, I cannot allow plaintiff to proceed on his claims. Accordingly, I will give plaintiff a chance to amend his complaint to include the missing facts. If plaintiff fails to respond, I will dismiss the case and issue a strike in accordance with 28 U.S.C. § 1915(g). Paul v. Marberry, 658 F.3d 702, 704-06 (7th Cir. 2011) (court should give strike for failure to correct pleading that violates Rule 8).

ORDER

IT IS ORDERED that plaintiff Jessie Williams may have until July 3, 2013, to file

an amended complaint that includes the missing facts discussed in this order. If plaintiff fails to respond by July 3, 2013, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted and issue a strike in accordance with 28 U.S.C. § 1915(g).

Entered this 18th day of June, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge